IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
ex rel. LISA MADIGAN, Attorney General )
of the State of Illinois, and ex rel. )
MICHAEL WALLER, State's Attorney )
of Lake County, Illinois, )
 )
           Plaintiff, )
 )
vs. )   Case No. 05 C 6114
 )
JOHN TARKOWSKI, )
 )
           Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1999, the federal government sued John Tarkowski, a Wauconda homeowner, alleging that conditions on his property violated federal environmental laws. *United States v. Tarkowski*, Case No. 99 C 7308 (N.D. Ill.) Mr. Tarkowski prevailed at trial, and the ruling in his favor was affirmed on appeal in April 2001. *United States v. Tarkowski*, 248 F.3d 596 (7th Cir. 2001). In November 2004, the Illinois Attorney General and the State's Attorney of Lake County sued Mr. Tarkowski in state court, alleging that the same conditions violated Illinois environmental laws. Mr. Tarkowski was served with summons in February 2005. He filed two separate motions to dismiss, both of which were denied, and he took an appeal from the denial of one of the motions. Mr. Tarkowski also took additional procedural steps in state court.

On October 21, 2005, Mr. Tarkowski removed the state court case to this Court. He alleges that the state officials' suit is frivolous and was filed in retaliation for his successful

defense of the federal government's suit and for his filing of a Freedom of Information Act case in state court. Mr. Tarkowski also contends that the state officials' suit is barred by the doctrine of *res judicata* as a result of the ruling in his favor in the federal government's suit. Mr. Tarkowski further claims that he has not received and cannot receive a fair hearing in state court, and that the state court has denied him certain federal constitutional protections. He contends that the state officials have conspired with federal officials and others to prevent him from using his property and ultimately to drive him off.

Upon reviewing Mr. Tarkowski's notice of removal, the Court entered an order questioning the existence of jurisdiction and deferring consideration of his motion for appointment of counsel pending determination of whether federal jurisdiction existed. *See* Order of Nov. 11, 2005. A few days thereafter, the state officials moved to remand the case to state court. The Court has considered the parties' memoranda. We conclude that removal of the case to this Court was improper and therefore grant the motion to remand.

Mr. Tarkowski removed the case to this Court based on 28 U.S.C. §§ 1331, 1441, 1443 and 1446. Section 1331 is not a removal statute; section 1446 does not create a right to removal but rather provides the procedures by which removal is accomplished.

Section 1441 permits removal of any suit over which the district courts have original jurisdiction. The federal courts would not have original jurisdiction over the state officials' suit against Mr. Tarkowski. The suit is brought pursuant to state, not federal law, and the parties are not of diverse citizenship. Federal question jurisdiction exists over a state law claim if the claim is really one of federal law. *See Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 13 (1983); *In re County Collector of County of*

2

*Winnebago, Illinois (Appeal of O'Brien)*, 96 F.3d 890, 896 (7th Cir. 1996). A claim made under state law may be deemed to arise under federal law if a well-pleaded complaint would establish that the plaintiff's right to relief under state law requires resolution of a substantial question of federal law. *Id.* at 10, 13. A state law claim may not, however, be removed to federal court based on the existence of a federal defense. *Id.* at 10, 14.

Having carefully reviewed the state officials' complaint against Mr. Tarkowski, and having considered Mr. Tarkowski's arguments, the Court can only conclude that the claims against Mr. Tarkowski indeed arise under state, not federal law. The fact that the state prohibitions cited in the complaint may be parallel to federal prohibitions does not make the complaint "really" one under federal law. Mr. Tarkowski's claims of *res judicata* and retaliation – defenses he can raise in the state court case, we might add – do not change the fact that the claims against him are made under Illinois, not federal law. A claim made under state law does not present a federal question simply because the opposing party contends that the claim somehow impacts or undermines an earlier federal ruling. *See In re County Collector*, 96 F.3d at 897.

Section 1443(1) provides for removal of any state proceeding in which the defendant "is denied or cannot enforce a right under any law providing for the equal civil rights of citizens of the United States." Mr. Tarkowski invokes this provision and contends that his equal protection and due process rights are being violated in state court. But the Supreme Court has held that § 1443(1) applies only if the right allegedly being denied to the removing party arises under a federal law providing for civil rights based on race; it has also required the removing party to show that he cannot enforce that federal right due to some formal expression of state law, such as

3

a state legislative or constitutional provision, as opposed to a denial that is first made manifest in the course of litigation. *See, e.g., Johnson v. Mississippi,* 421 U.S. 213, 219 (1975); *Georgia v. Rachel,* 384 U.S. 780, 792, 803 (1966); *State of Indiana v. Haws,* 131 F.3d 1205, 1209 (7th Cir. 1999). Mr. Tarkowski's claims of retaliation and of unfair proceedings in state court do not provide a basis for removing the case against him; a contention that the removing party is being denied or will be denied due process or equal protection because the case against him is a sham, corrupt, or without evidentiary basis does not meet the requirements for removal under § 1443(1). *Johnson,* 421 U.S. at 219; *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966). In his response to the motion to remand, Mr. Tarkowski also contends that the state officials have brought their suit in order to prevent him from using the property he resides upon. Assuming that is true (a question the Court need not and does not address), the purported right is not one that arises under a federal law providing for civil rights based on race.

Mr. Tarkowski's final contention concerns a "proposed counter-complaint" that he says was filed with this Court during the pendency of *United States v. Tarkowski.* He attaches to his papers a letter he wrote to the Court on January 1, 2000, in which he noted that he previously had requested appointed counsel and a special prosecutor, and stated that he was enclosing "a *pro se* rough draft prepared Counterclaim for the Court's consideration, subject to revisions if the Special Prosecutor deems it necessary, before filing and serving on the named defendants ...." The accompanying "rough draft" was a proposed claim against federal agencies and state officials, including the State's Attorney of Lake County and the Illinois Environmental Protection Agency, for (among other things) conspiracy to deny Mr. Tarkowski his rights. In his response to the motion to remand, Mr. Tarkowski refers to this as a claim that was "filed with the U.S.

4

District Court, but not yet heard." The Court disagrees with this characterization. Mr. Tarkowski's "rough draft" was never filed as a counterclaim in the earlier case. His letter to the Court made it clear that he was offering the document for the consideration of counsel if the Court determined to appoint one, as we did on January 7, 2000, just a few short days after Mr. Tarkowski's letter; he did not request filing of the "rough draft." Neither Mr. Tarkowski nor his appointed counsel took any steps after that date to file a counterclaim or to pursue litigation of the claims included in Mr. Tarkowski's "rough draft." In any event, Mr. Tarkowski's proposed counterclaim in the earlier federal case has no bearing on whether the Court now has jurisdiction over the case brought by the state officials that Mr. Tarkowski has removed from state court. If what Mr. Tarkowski is suggesting is that his contentions regarding the motives and purposes of the state officials should have been determined in this Court, in the context of the earlier lawsuit against him by the federal government, then the time to make that known to the Court would have been before our entry of judgment back in the year 2000, not in 2005.

## Conclusion

Mr. Tarkowski's motion for leave to proceed *in forma pauperis* is granted [docket no. 3-1]; his motion for appointment of counsel is denied [docket no. 4-1]. The Court grants the defendants' motion to remand the case for the reasons stated above [docket no. 7-1]. The Clerk is directed to remand this case to the Circuit Court for the Nineteenth Judicial Circuit (Lake County, Illinois).

                                                                                     _____
                                                                                     MATTHEW F. KENNELLY
Date:   January 3, 2006                                          United States District Judge

5